IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RUDOLPH HELENICK,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN WALKER, ARIZONA ATTORNEY GENERAL,<br><br>    Respondents. | CIV 06-1548 PHX RCB MEA<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE ROBERT C. BROOMFIELD:**

Mr. Rudolph Helenick ("Petitioner"), is presently incarcerated by Respondents in Florence, Arizona. On June 16, 2006, Mr. Helenick filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. Respondents filed an Amended Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 13) on October 31, 2006, asserting that the petition should be denied as not timely filed. Petitioner filed a traverse to the answer on November 15, 2006.

**I.  Procedural History**

In 1982, after a jury trial, Petitioner was convicted of six counts of burglary in the first degree, nineteen counts of kidnapping, and six counts of armed robbery. See Answer, Ex. G.  On June 14, 1983, Petitioner was sentenced to the

presumptive term of 28 years imprisonment on each conviction for burglary in the first degree, on each conviction for kidnapping, and on each conviction for armed robbery. See id., Ex. C. Some of the sentences were imposed concurrently and three of the sentences consecutively. See id., Exh. C. As a result, Petitioner was in effect sentenced to a term of 84 years' imprisonment. See Petition at 1.

Petitioner filed a timely notice of appeal on June 16, 1983. Answer, Exh. I. The Arizona Court of Appeals affirmed Petitioner's convictions but modified his sentences to correct a typographical error. Id., Exh. M. Petitioner's sentences for each conviction for burglary in the first degree were corrected to the presumptive term of 20 years imprisonment on each count of conviction. Id., Exh. M. Petitioner sought reconsideration of this decision, which was denied on May 3, 1985. Id., Exh. P. Petitioner sought review by the Arizona Supreme Court, which denied review on September 11, 1985. Id., Exh. S.

Petitioner initiated an action for post-conviction relief in the Arizona Superior Court on February 20, 2001. Id., Exh. T. Petitioner was appointed counsel, who informed the court he could find no meritorious issues to raise on Petitioner's behalf. Id., Exh. V. Petitioner filed a *pro se* petition for post-conviction relief on November 26, 2002. Id., Exh. W. The action for post-conviction relief was summarily denied on June 20, 2003. Id., Exh. Z. Petitioner sought review of this decision by the Arizona Court of Appeals, which summarily denied review on June 17, 2005. Id., Exh. BB.

-2-

Petitioner sought relief from this decision by the Arizona Supreme Court, which denied review on January 23, 2006. Id., Exh. DD.

Petitioner filed his federal habeas action on June 16, 2006, asserting he is entitled to habeas relief because he was denied his right to due process of law. Petitioner contends there was insufficient evidence presented to the jury to find him guilty regarding the counts of conviction. Petitioner also contends he was subjected to double jeopardy. Petitioner asserts his rights pursuant to the Sixth Amendment were violated because the trial court "combined" the charges against him by failing "to instruct the jury that each was a different criminal charge and should be treated as such." Petition at 6. Petitioner contends there was insufficient evidence to convict him on all of the charges of armed robbery because only one victim saw a gun and because the state statute regarding a simulated weapon was not enacted until 1983, two years after his crimes. Id. Petitioner also asserts his sentences are illegal and unconstitutional because he was sentenced "under the 'dangerous offenses' guidelines which the evidence didn't support." Id. at 7.

**II. Analysis**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d), the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). "A state prisoner challenging a non-capital state conviction or sentence must file a federal petition within one year from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" Id., quoting 28 U.S.C. § 2244(d)(1)(A). Additionally, the AEDPA requires state prisoners whose convictions became final before April 24, 1996, to file any petition for federal habeas corpus relief from those convictions by April 23, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). However, the AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2); Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

Because Petitioner's state conviction became final prior to 1996, pursuant to the AEDPA the one-year statute of limitations on Petitioner's action for federal habeas relief began to run on April 24, 1996, and expired on April 23, 1997, unless it was tolled by any pending action for state post-conviction relief. See Patterson, 251 F.3d at 1246.

Petitioner did not have any action for state post-conviction relief pending in the Arizona courts on April 24, 1996, when the statute of limitations began to run on

-4-

Petitioner's federal habeas action. Petitioner did not file any actions for state post-conviction relief, which would have tolled the statute of limitations, from April 24, 1996, when the statute of limitations began running, until April 23, 1997, when the statute of limitations on Petitioner's federal habeas action expired.

Petitioner did not seek any form of relief from his convictions and sentences from approximately 1986, through February 20, 2001, when Petitioner filed his first action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, a period of approximately five years. Even if this action for state post-conviction relief would have tolled the applicable statute of limitations, it could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only be considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Lott, 304 F.3d at 922; Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002).

Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The United States Supreme Court has stated: "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005).

In his traverse, Petitioner reasserts that he was denied his right to due process because there was insufficient evidence of his guilty presented at his trial; that the "trial court's decision to combine the charges constituted fundamental error in violation of [Petitioner's] Sixth Amendment rights"; and that the trial court erred by convicting and sentencing him pursuant to "incorrect statutes." Docket No. 15. Petitioner asserts he could not timely file his petition because he suffered a stroke in May of 1996, "requiring a lengthy hospital stay..." Id. Petitioner contends he has suffered paralysis and on-going mental deficits as a result of his stroke. Id. Petitioner asserts his delay in filing his petition was "not of [h]is own causing." Id.

Petitioner has not met his burden of establishing he is entitled to equitable tolling. Petitioner did not diligently pursue his post-conviction remedies. Petitioner does not explain why he failed to seek federal habeas relief from the time his conviction became final until the time of his alleged

-6-

stroke in May of 1996.[1] Although physical incapacity by a stroke may be an "extraordinary circumstance," Petitioner provides no evidence that he suffered a stroke or that he was incapacitated by the stroke. The Court notes Petitioner's pleadings are coherent and legible. Additionally, Petitioner does not allege during what time period he was disabled by the stroke, i.e., the time period to which he believes he is entitled to equitable tolling.

Petitioner has not established that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition. A federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Petitioner allowed at least five years to pass, from 1996 through 2001, without pursuing any avenue of federal, or state, habeas relief and, therefore, the Court concludes that Petitioner did not act with the requisite reasonable diligence which would warrant equitable tolling of the statute of limitations.

### III. Conclusion

Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable to it pursuant

---

[1] The Court notes Petitioner was a lead Plaintiff in a class-action prisoner civil rights filed in this Court in 1986, which case was dismissed pursuant to a stipulation of the parties in 1994. See Helenick, et al. v. Arizona, CV 86-2036 PHX RCB.

to the AEDPA. Petitioner has not shown that the circumstances of his case warrant application of equitable tolling so that this Court may address the merits of his petition for a writ of habeas corpus.

**IT IS THEREFORE RECOMMENDED** that Mr. Helenick's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of

-8-

fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 16th day of November, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-9-