1  WO

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8              FOR THE DISTRICT OF ARIZONA

9

10

11

12  RUDOLPH HELENICK,              )
                                   )     No. CIV 06-1548 PHX RCB (MEA)
13        Petitioner,              )
                                   )          O R D E R
14            vs.                  )
                                   )
15  Warden Walker, et. al.,        )
                                   )
16        Respondents.             )
    _____)

17

18        This matter is before the Court on a Petition for Writ of

19  Habeas Corpus (doc. # 1) filed pursuant to 28 U.S.C. § 2254 on June

20  16, 2006 by Petitioner Rudolph Helenick, currently incarcerated at

21  the Arizona State Prison in Florence, Arizona.  An answer (doc. #

22  11) was filed on October 30, 2006, and Petitioner filed a timely

23  traverse (doc. # 15) on November 15, 2006.  On November 16, 2006,

24  the Magistrate Judge issued a Report and Recommendation ("R&R")

25  (doc. # 16) recommending that the Petition be denied and dismissed

26  in its entirety as time-barred under the one-year statute of

27  limitations established by the Anti-Terrorism and Effective Death

28  Penalty Act of 1996 ("AEDPA").  Thereafter, Petitioner filed a

1  timely objection to the R&R (doc. # 17) as well as a motion seeking
2  appointment of counsel (doc. # 18).  Also pending before the Court
3  is Petitioner's motion for default judgment (doc. # 14).  Having
4  carefully reviewed the arguments raised, the Court now rules.

5  **I.  BACKGROUND**

6      On March 17, 1983, Petitioner was found guilty by jury verdict
7  in the Superior Court of Arizona in Maricopa County on six counts
8  of burglary in the first degree, six counts of armed robbery, and
9  nineteen counts of kidnaping.  Answer (doc. # 11), Ex. G.  On June
10 14, 1983, he was sentenced to a term of imprisonment of 28 years on
11 each count of burglary in the first degree, kidnaping, and armed
12 robbery.  Id., Ex. H.  Three of the sentences were imposed
13 consecutively, effectively sentencing Petitioner to a term of
14 imprisonment of 84 years.  See id.

15     On direct review, the Arizona Court of Appeals modified
16 Petitioner's sentence to reflect the presumptive term of
17 imprisonment of 20 years with respect to the three counts of
18 burglary in the first degree.  Id., Ex. M.  The Supreme Court of
19 Arizona denied further review on September 11, 1985.  Id., Ex. S.
20 Petitioner apparently did not seek a writ of certiorari from the
21 Supreme Court of the United States, but had 90 days to do so.  See
22 Sup. Ct. R. 13.  His conviction therefore became final on December
23 10, 1985.  See Clay v. United States, 537 U.S. 522, 527 (2003)
24 ("Finality attaches when [the Supreme] Court affirms a conviction
25 on the merits on direct review or denies a petition for a writ of
26 certiorari, or when the time for filing a certiorari petition
27 expires.").

28     Petitioner first initiated post-conviction relief proceedings

1    on February 20, 2001.  Id., Ex. T.  After his appointed counsel in

2    those proceedings informed the court he could find no meritorious

3    issues to raise on Petitioner's behalf, Petitioner filed a pro se

4    petition for post-conviction relief on November 26, 2002.  Answer

5    (doc. # 11), Ex. V, W.  The court summarily denied that petition on

6    June 20, 2003.  Id., Ex. Z.

7        On June 16, 2006, Petitioner filed the present Petition for

8    Writ of Habeas Corpus (doc. # 1) in this Court pursuant to 28

9    U.S.C. § 2254.  He has also filed a motion for default judgment

10   (doc. # 14) and a motion for appointment of counsel (doc. # 18),

11   which the Court will address first.

12   II.  MOTIONS FOR DEFAULT JUDGMENT AND APPOINTMENT OF COUNSEL

13       Petitioner has requested default judgment, claiming that the

14   Court had improvidently granted the Government's first request for

15   an extension of time to respond to his Petition for Habeas Corpus.

16   Mot. (doc. # 14).  Petitioner believes that the Government did not

17   file its request until after the time to respond had lapsed, and

18   therefore should not have been granted any extension.  See id. at

19   2.  The Government had 40 days from the date of service of the

20   Petition within which to file its answer.  Order (doc. # 3).  The

21   Government was served on August 4, 2006.  See Summons (doc. # 4).

22   Therefore, the Government's 40 days began to run on August 5, 2006,

23   producing a deadline of September 13, 2006, the date on which it

24   filed its first request for an extension of time.  See Fed. R. Civ.

25   P. 6(a); Mot. (doc. # 7).  Not only was the Government's request

26   timely, but it was completely reasonable given the reported

27   difficulties of locating the Petitioner's case file from 13 years

28   ago.  See id. at 1-2.  In short, Petitioner's motion for default

1  judgment (doc. # 14) is without merit and will be denied.

2      Petitioner has also filed a motion requesting appointment of

3  counsel.  Mot. (doc. # 18).  There is no constitutional right to

4  appointment of counsel in a civil case.  See Ivey v. Bd. of Regents

5  of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).  The court

6  has discretion to appoint counsel for a financially eligible habeas

7  petitioner when "the interests of justice so require".  18 U.S.C. §

8  3006A(a)(2)(B); see also La Mere v. Risley, 827 F.2d 622, 626 (9th

9  Cir. 1987).  On careful review of the circumstances, the Court does

10 not find that the interests of justice require appointment of

11 counsel in this case.  The Court agrees with the Magistrate Judge's

12 assessment that Petitioner's pleadings are coherent and legible.

13 See R&R (doc. # 16) at 7.  Moreover, given the lack of complexity

14 of the issues raised by this Petition and the Court's liberal

15 construction of pleadings by pro se litigants, this is not a case

16 warranting court-appointed counsel.  See La Mere, 827 F.2d at 626;

17 Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  The motion

18 (doc. # 18) will therefore be denied.

19 **III. PETITION FOR WRIT OF HABEAS CORPUS**

20     Regardless of the date of Petitioner's conviction, this case

21 is governed by the AEDPA because it was filed after April 24, 1996.

22 Woodford v. Garceau, 538 U.S. 202, 210 (2003); Lindh v. Murphy, 521

23 U.S. 320, 336 (1997).  The AEDPA requires a state prisoner to seek

24 federal habeas corpus relief within one year after the state

25 conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  Even if a

26 prisoner's conviction became final before the AEDPA's enactment, as

27 in Petitioner's case, the limitations period still applies through

28 a one-year grace period expiring on April 24, 1997 within which the

- 4 -

1    prisoner may file a federal petition.  See Patterson v. Stewart,

2    251 F.3d 1243, 1246 (9th Cir. 2001).  The AEDPA's one-year statute

3    of limitations is strictly applied; a petitioner who takes

4    advantage of a longer state statute of limitations in exhausting

5    state remedies will be barred from seeking federal relief.  See

6    Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

7        In this case, Petitioner's conviction became final on December

8    10, 1985.  See Answer (doc. # 11), Ex. S; Sup. Ct. R. 13; Clay, 537

9    U.S. at 527.  Therefore, the AEDPA applies, and Petitioner had

10   until the expiration of the one-year grace period on April 24, 1997

11   to file for relief under 28 U.S.C. § 2254.  See Woodford, 538 U.S.

12   at 210; Lindh, 521 U.S. at 336; Patterson, 251 F.3d at 1246.

13   Petitioner did not file this Petition until more than nine years

14   after the grace period had expired.  Although the AEDPA's one-year

15   limitations period is subject to statutory tolling during the

16   pendency of a properly filed state petition for post-conviction

17   relief, see 28 U.S.C. § 2244(d)(2), Patterson, 251 F.3d at 1247,

18   Petitioner did not bother to initiate state post-conviction

19   proceedings until February 20, 2001, more than fifteen years after

20   his conviction had become final and long after his grace period had

21   lapsed.  This Petition is time-barred.

22       Petitioner does raise a question regarding a period beginning

23   on or about May 26, 1996 during which he suffered from a stroke,

24   which may entitle him to equitable tolling of the AEDPA's

25   limitations period.  See Objection (doc. # 17), Ex. B.  The Supreme

26   Court recently stated that, if the AEDPA's statute of limitations

27   may be equitably tolled, the proponent must show "(1) that he has

28   been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, ___, 125 S. Ct. 1807, 1814, 1815 n.8, 161 L. Ed. 2d 669, 678, 679 n.8 (2005) (Rehnquist, C.J.) (citing <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990)); <u>accord</u> <u>Brambles v. Duncan</u>, 412 F.3d 1066, 1069-70 (9th Cir. 2005) ("The one-year statute of limitations prescribed in the AEDPA may be equitably tolled if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.") (internal quotations omitted).

In <u>Pace</u>, the Supreme Court affirmed the decision of the Third Circuit to reverse the district court's allowance of equitable tolling, finding that the petitioner had not been diligent in pursuing his claims. <u>See Pace</u>, 125 S. Ct. at 1815. The Court noted that although the petitioner's claims were available in 1986 and 1991, he "waited years, without any valid justification" to assert those claims in an untimely state petition. <u>See id.</u> at 1810, 1815. Because the petitioner "[sat] on his rights for years before he filed his [state] petition" and "also sat on them for five more months after his [state] proceedings became final before deciding to seek relief in federal court," the Court concluded that the petitioner's lack of diligence precluded equitable relief. <u>Id.</u> at 1815; <u>see also</u> <u>McQuiddy v. Ware</u>, 87 U.S. (20 Wall.) 14, 19 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights").

The instant case presents even longer delays than those in <u>Pace</u>. Like Pace, Petitioner filed his second state petition long after the claims asserted had been available to him. <u>See Pace</u>, 125 S. Ct. at 1810. Even accepting Petitioner's account of his stroke

1  in 1996, there is no explanation for the delay of more than ten

2  years during which he made no effort to pursue state post-

3  conviction relief.  Petitioner not only sat on his rights for ten

4  years before deciding to seek relief in state court, but sat on

5  them for nearly five more months after his state post-conviction

6  proceedings became final before deciding to seek relief in federal

7  court.  The Supreme Court found Pace ineligible for equitable

8  tolling based on five years of delay in filing his state petition,

9  followed by five months of delay in filing his federal petition.

10 Id. at 1815.  By the same principle, this Court finds that

11 Petitioner's unexplained and lengthier delay constitutes gross

12 laches and exhibits a lack of diligence that makes equitable

13 tolling inappropriate in this case.

14 **IV.   CONCLUSION**

15      The Court adopts the reasoning and conclusions of the R&R

16 (doc. # 16) in their entirety.  For those reasons, as well as the

17 reasons discussed in this Order, the Court finds that Petitioner's

18 claims are barred by the AEDPA's statute of limitations, and that

19 Petitioner is not entitled to equitable tolling.

20      **IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and

21 Recommendation (doc. # 16) is ADOPTED.

22      IT IS FURTHER ORDERED that Petitioner's Petition for Writ of

23 Habeas Corpus (doc. # 1) is DENIED.

24      DATED this 22nd day of December, 2006.

25

26

27  _____

28      Robert C. Broomfield
        Senior United States District Judge

Copies to counsel of record and Petitioner <u>pro se</u>